UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENORA L. GREENE,

       Plaintiff,

v.

                                Case No. 2:15-CV-12747
                                Judge David M. Lawson
                                Magistrate Judge Anthony P. Patti

MEGAN J. BRENNAN,
JEANETTE POWELL and
U.S. POSTAL SERVICE
GREAT LAKES AREA AGENCY,

       Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE
## PLAINTIFF'S REQUEST FOR AN ATTORNEY (DE 20)

      On August 5, 2015, Plaintiff Genora Greene filed this lawsuit on her own behalf against defendants alleging race and gender discrimination. (*See* DE 1 at 1-12.) Simultaneously, Plaintiff filed an application to proceed in district court without prepaying fees or costs (DE 2), which was granted by the Court on August 14, 2015 (DE 5). Thus, Plaintiff is currently proceeding *in pro per* and *in forma pauperis*.

      Judge Lawson has referred this case to me for general case management. (DE 5.) On August 3, 2016, I conducted an in person, on-the-record scheduling

conference, during which I spoke, among other things, about Plaintiff's right to represent herself, her need to follow the rules (*i.e.*, the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Michigan, and the judges' practice guidelines) and the potential to become an electronic filer.[1]  Subsequently, I entered an initial scheduling order, which sets forth certain deadlines in this case. (DE 18.)

Currently before the Court is Plaintiff's August 8, 2016 letter request for an attorney.  (DE 20.)  Therein, Plaintiff seems to interpret the Court's July 25, 2016 notices to appear for a scheduling conference (DE 16, DE 17) as requiring her to attend the August 3, 2016 scheduling conference with counsel.  Moreover, she states that she "need[s] an attorney."  (DE 20).

Upon consideration, Plaintiff's August 8, 2016 request is **DENIED WITHOUT PREJUDICE**.  First, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654 ("Appearance personally or by counsel").  If Plaintiff wishes to remain proceeding *in pro per* (on her own behalf), she may do so.  Second, while "[t]he court may request an attorney to represent any person unable to afford counsel[,]" 28 U.S.C. § 1915(e)(1), such requests are justified only in exceptional

---

[1] Plaintiff has filed an application for electronic filing, which appears to be under consideration by the Clerk of the Court.  (DE 19.)

circumstances and, although Plaintiff represents that she is "only working part-time[,]" she has not addressed the other factors germane to such a request. *See Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir. 1993).*[2]

**IT IS SO ORDERED.**

Dated: August 16, 2016           s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on August 16, 2016, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti

---

[2] As Plaintiff was instructed during the August 3, 2016 scheduling conference, she may not communicate with the Court on an *ex parte* basis, which means opposing counsel must be included in or copied on her communications with the Court. For example, if Plaintiff files a matter listed under Fed. R. Civ. P. 5(a)(1), then she must also file a certificate of service upon Defendant(s) or, if they are represented, upon opposing counsel, in accordance with Fed. R. Civ. P. 5(d)(1) ("*Required Filings; Certificate of Service.*").