UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENORA L. GREENE,

               Plaintiff,

                                      Case No. 2:15-CV-12747
v.                               Judge David M. Lawson
                               Magistrate Judge Anthony P. Patti

MEGAN J. BRENNAN,
JEANETTE POWELL and
U.S. POSTAL SERVICE
GREAT LAKES AREA AGENCY,

               Defendants.

_____/

**REPORT AND RECOMMENDATION REGARDING
DEFENDANTS' MOTION TO DISMISS (DE 22)**

**I.**     **RECOMMENDATION**:  The Court should grant Defendants' September 13, 2016 motion to dismiss (DE 22) for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In sum, although the parties agree that Brennan is the proper defendant, the claim against her fails, because Plaintiff's formal EEO complaint was untimely.

**II.**     **REPORT:**

        **A.**     **Background**

On August 5, 2015, Plaintiff Genora Greene filed this lawsuit on her own behalf against defendants alleging race and gender discrimination, as well as retaliation and harassment.  (*See* DE 1 at 1-12.)  She originally proceeded *in pro per* and *in forma pauperis*.  (DEs 2, 5.)  Although the Court previously denied two of Plaintiff's requests for the appointment of counsel (*see* DEs 6, 7, 20, 21), attorney Jeffrey S. Burg has since filed an appearance on behalf of Plaintiff.  (DE 24.)

Defendants Megan J. Brennan, Jeanette Powell, and United States Postal Service Great Lakes Area Agency have appeared and are represented by counsel. (DE 15.)  Pursuant to the Court's initial scheduling order, Plaintiff was given until August 17, 2016 by which to file an amended complaint without leave of court. (DE 18.)

### B.    Instant Motion

Judge Lawson has referred this case to me for general case management. Currently before the Court is Defendants' combined motion to dismiss, wherein they argue that: **(1)** Plaintiff's lawsuit should be dismissed, because Plaintiff's formal EEO complaint was untimely; and, **(2)** Defendants Powell and USPS Great Lakes Area Agency should be dismissed, because the Postmaster General "is the only proper defendant in a suit brought under Title VII . . . ."  (DE 22 at 4, 12-18.)

Plaintiff, via counsel, filed a timely response, and Defendants filed a timely reply.

## C.    Fed. R. Civ. P. 12(b) ("How to Present Defenses.")

Defendants bring their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (DE 22 at 1.)  When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

**D.     Discussion**

**1.     Factual background**

The exhibits attached to Plaintiff's complaint and the instant motion papers

yield the following timeline:

- Plaintiff was appointed on June 29, 2014.  (DE 22-7 at 6.)

- According to the USPS EEO dispute resolution specialist's (DRS's) inquiry report, Plaintiff initially contacted the EEO Office on July 24, 2014 (Case No. 1J-482-0050-14).  (DE 22-3 at 1; DE 22-2 at 2 ¶ 3.)

- In a letter dated July 30, 2014, Plaintiff describes the alleged events of June 2014 through July 25, 2014 – when she was asked to "surrender [her] badge and time card" - and seeks the status of a notification "from the Metroplex Post Office."  (DE 1 at 10-12; DE 22-7 at 9-14.)[1]

- A document regarding "Notice of Separation (PSE) Mail Processing Clerk" is dated August 5, 2014, and, on August 6, 2014,  it was signed by Defendant Powell and mailed.  (DE 22-7 at 7.)

- According to an EEO DRS's inquiry report, Plaintiff was initially interviewed on August 6, 2014 and received a letter of termination on August 7, 2014.  (DE 22-3 at 1.)

- On August 29, 2014, Plaintiff and Defendant Powell appeared for scheduled mediation.  (DE 22-7 at 8.)

---

[1] Plaintiff's letter also mentions the dates May 28, 2014, June 6, 2014, and June 23, 2014 (DE 22-7 at 9, 12); however, it is not clear if these dates are typographical errors, because Plaintiff's appointment date was listed as June 29, 2016 (DE 22-7 at 6).

- It seems that mediation may also have occurred on September 5, 2014.  On September 6, 2014, mediator Barry Goldman acknowledged that Plaintiff and Defendant Powell "were unable to resolve their dispute . . . ."  (DE 22-3 at 3, DE 22-7 at 8.)

- The notice of right to file letter is dated October 21, 2014 and concerns her July 24, 2014 claim of discrimination "based on race, sex and retaliation (no prior EEO activity) when from 06/23/2014 — 07/25/2014 [she] alleged being subjected to harassment."  The certificate of service indicates it was mailed to Plaintiff and to attorney Bob Fetter.  (DE 22-4; DE 22-2 at 2 ¶ 4; DE 22-7 at 5.)

- It appears that Plaintiff's son, Clayvion Winn, signed for the certified mail on October 22, 2014.[2]  Plaintiff declares that he did not tell her about it, and she "did not discover it until four or five days later."  It also appears that someone named Jamil Jordan signed for the certified mail on October 22, 2014.  (DE 25-1 at 1 ¶ 3; DE 22-5; DE 22-6; DE 22-9 at 4-6.)  Plaintiff's brief states that this person is unknown to attorney Fetter and that Mr. Jordan could not have signed for attorney Fetter or his law firm, although this statement is not supported by attorney Fetter's October 28, 2016 declaration.  (DE 25 at 4; DE 25-2.)

- On October 24, 2014, attorney Robert Fetter received a notice of right to file a formal EEO complaint, directed to Plaintiff; he declares that he was not representing Plaintiff at that time.  (DE 25-2 ¶ 3.)

- Plaintiff dated the notice of right to file individual complaint as having been received on October 25, 2014.  (DE 22-7 at 1, 15.)

---

[2] This is so, even though, as Defendants point out, it was mailed to 37312 Glenbrook, Clinton Township, MI 48036, when Plaintiff's correct address is 37342 Glenbrook.  (DE 22-4 at 3, DE 22 at 14-15.)

- Although Plaintiff does not recall the exact date, she believes she received the notice of right to file a formal EEO complaint on either October 26 or 27, 2014.  (DE 25-1 at 1 ¶ 2.)

- On October 28, 2014, Plaintiff and attorney Fetter exchanged emails about paperwork, wherein with reference to "go[ing] formal," he stated, "Please handle this immediately if you do." (DE 25-3.)

- Plaintiff's complaint of discrimination in the postal service was mailed on November 8, 2014 and received by NEEOISO (National EEO Investigative Services Office) on November 10, 2014.  (DE 22-7 at 1-4, 16.)

- On November 14, 2014, EEO ADR Specialist Vanessa Lodge "requested the delivery information for the October 21, 2014 notice sent to Ms. Greene."  (DE 22-3; DE 22-2 at 3 ¶ 6.)

- The dismissal of Plaintiff's November 8, 2014 formal EEO complaint as untimely is dated November 18, 2014.  (DE 22-8.)

- On November 19, 2014, the Agency responded to Plaintiff's allegation of dissatisfaction with the processing of her pending complaint.   (DE 22-9 at 1-3.)

- On May 22, 2015, the EEOC issued a decision affirming the Agency's final decision dismissing Plaintiff's complaint.  (DE 1 at 6-9.)

### 2.    The parties agree to the dismissal of Defendants Powell and USPS Great Lakes Area Agency.

Defendants argue that the Postmaster General (Megan J. Brennan) "is the only proper defendant in a suit brought under Title VII and the other improperly named parties should be dismissed."  (DE 22 at 17-18.)  Plaintiff "agrees that the proper defendant is the head of the agency[,]" and "is willing to dismiss the other

6

named Defendants." (DE 25 at 8-9.)  The parties having agreed upon the dismissal of these two defendants, the Court should dismiss Defendants Powell and USPS Great Lakes Area Agency.

### 3.      Exhaustion of Administrative Remedies

Plaintiff's complaint, brought pursuant to Title VII of the Civil Rights Act of 1964 (codified at 42 U.S.C. §§ 2000a - 2000h-6), alleges employment discrimination on the bases of race and gender, as well as retaliation and harassment.  (DE 1 at 1-2.)  The EEOC's regulations set forth guidance on pre-complaint processing.  29 C.F.R. § 1614.105.  As to this regulation, the Sixth Circuit has explained:

> In addition to complying with the filing requirements of section 2000e-16, federal employees must also adhere to the pre-complaint processing and formal complaint filing requirements of 29 C.F.R. § 1614. To begin the pre-complaint processing-or investigation of the charges-a complainant "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. 1614.105(a)(1). The 45-day time limit can be extended if the complainant shows that she was not notified of the time limits and was not otherwise aware of them, that she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or "for other reasons considered sufficient by the agency or the Commission." 29 C.F.R. 1614.105(a)(2). To conclude the pre-complaint process, the EEO counselor must conduct a final interview with the complainant within 30 days of the date she first brought the matter to the counselor's attention, 29 C.F.R. 1614.105(d). If the matter has not been resolved, the counselor must inform the complainant in writing of her right to

file a discrimination complaint within 15 days of receipt of this
written notice. *Id.*

*Williams v. Widnall*, 173 F.3d 431 (6th Cir. 1999)

The regulations further provide guidance concerning individual complaints,
stating in part: "[a] complaint must be filed within 15 days of receipt of the notice
required by § 1614.105 (d), (e) or (f)." 29 C.F.R. § 1614.106(b). The EEOC shall
dismiss an entire complaint "[t]hat fails to comply with the applicable time limits
contained in §§ 1614.105, 1614.106 and 1614.204(c), unless the agency extends
the time limits in accordance with § 1614.604(c) . . . ." 29 C.F.R. §
1614.107(a)(2). A plaintiff fails to exhaust his administrative remedies where he
was late in filing his EEO complaint. *Vazquez-Rivera v. Figueroa*, 759 F.3d 44, 49
(1st Cir. 2014) ("The district court thus correctly found that Vázquez's
administrative filing on July 27 fell outside the fifteen-day period and was
untimely under 29 C.F.R. § 1614.106(b)."); *see also Carillo v. Donahoe*, No. 1:14-
CV-1008, 2016 WL 5210741, at *5 (W.D. Mich. Aug. 30, 2016) (Kent, M.J.)
("plaintiff failed to exhaust his administrative remedies because he filed the EEO
complaint late.") (referencing *Vazquez-Rivera*, 759 F.3d at 49), *report and
recommendation adopted*, No. 1:14-CV-1008, 2016 WL 5131066 (W.D. Mich.
Sept. 21, 2016).

To be sure, the Court acknowledges that Plaintiff's complaint in this Court
mentions "retaliation" and that "[r]etaliation claims are generally excepted from

8

this filing requirement because they usually arise after the filing of the EEOC charge." *Abeita v. TransAmerica Mailings, Inc*., 159 F.3d 246, 254 (6th Cir. 1998).  Nonetheless, Plaintiff's complaint only mentions "retaliation" in passing as one of the bases for "this suit," and, then, within her "statement of claim," mentions "retaliat[ion]" while she "was on a probationary period to becoming a[] career employee for the U.S. Postal Service."  (*See* DE 1 at 2-3.)  These references to retaliation appear to be, at best, mere legal jargon, as opposed to an actual claim or theory.  Therefore, taken in the light most favorable to the plaintiff, the Court interprets the retaliation mentioned in Plaintiff's complaint as "based on conduct that occurred before the EEOC charge was filed[,]" such that the filing requirement exception does not apply.  *Abeita*, 159 F.3d at 254 (emphasis added).  Notably, her response brief does not suggest that any portion of her case would fall outside of the EEOC filing requirement.  In any case, the EEOC acknowledged in the October 21, 2014 right to file letter that Plaintiff's July 24, 2014 claim of discrimination was based on race, sex and retaliation (DE 22-4 at 1), and Plaintiff's tardily filed November 8, 2014 formal EEO complaint of discrimination likewise alleged retaliation (DE 22-7 at 1).

### 4.    Plaintiff's formal EEO complaint was untimely.

Defendants argue that this lawsuit should be dismissed for Plaintiff's "failure to timely file a formal EEO complaint . . . ."  (DE 22 at 12-16.)  Plaintiff

9

responds, offering three different bases for denying Defendants' motion: (1) She did not receive actual notice on October 22, 2014; (2) the receipt of the notice is presumed to be 5 days after it is mailed; and (3) receipt of the notice by attorney Fetter or his firm did not start the time in which she could file a formal complaint, as he was not her attorney for this purpose and the alleged signor was unknown to him and could not have signed for him or his firm. (DE 25 at 3-4.) In reply, Defendants assume, *arguendo,* that Fetter was not then representing Plaintiff, and, for purposes of this motion, do not address "whether service on Mr. Fetter's office triggered the 15-day deadline." (DE 26 at 3.) Therefore, the only issues to be addressed by the Court are whether actual notice was required and whether the 5-day presumption is applicable in this case.

### a. Actual or constructive notice

There seems to be no dispute that Plaintiff's son signed for the letter on October 22, 2014. (DE 22-5 and 25-1.) Plaintiff claims that she "did not know about the letter until either October 26th or October 27th," because "he did not tell me about it[.]" (DE 25 at 3, 5, 8; DE 25-1 at 1 ¶ 3.) Defendants argue that Plaintiff's son's receipt of the notice "establishes constructive notice." (DE 26 at 6-8.)

The Court should agree with Defendants. In at least two Sixth Circuit Title VII employment discrimination cases - one published and the other unpublished -

constructive notice has been sufficient. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 559 n.11 (6th Cir. 2000) (in a case concerning the 90-day limitations period, "sister circuits have resolved that a Title VII claimant has constructive notice of his or her right to litigate on the day that the post office has delivered the RTS [right to sue] letter to his or her *correct* address, even though the claimant had not actually received that writing until a later date.") (emphasis in original); *King v. Henderson*, No. 99-1800, 2000 WL 1478360, *5 (6th Cir. Sept. 27, 2000) ("on June 6, 1998, King had received at least constructive or imputed notice, if not actual notice, that her fifteen-day filing clock had begun ticking, by virtue of the actual delivery of notice to her home (and/or to her union representative) on that date; consequently, her filing window closed on [Monday,] June 22, 1998 . . ., thereby precluding the June 27, 1998 attempted filing of her administrative complaint.").  "There is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless." *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1242 (11th Cir. 1982) (Title VII, 42 U.S.C. § 2000e-5(f)); *see also Graham-Humphreys*, 209 F.3d at 559 n.11; *Santifer v. Inergy Auto. Sys., LLC*, No. 5:15-CV-11486, 2016 WL 8609980, at *4 (E.D. Mich. Aug. 12, 2016) (Patti, M.J.) ("this Circuit recognizes constructive receipt of the RTS . . . ."), *report and recommendation adopted in part*, No. 15-CV-11486, 2017 WL 427728 (E.D. Mich. Feb. 1, 2017) (Levy, J.),

11

*reconsideration denied*, No. 15-CV-11486, 2017 WL 1151178 (E.D. Mich. Mar. 28, 2017).

Plaintiff's son having signed for the notice of right to file letter on Wednesday, October 22, 2014, and Plaintiff having received constructive notice at that time, her formal EEO complaint was due on Thursday, November 6, 2014.

### b.    5-day presumption

Plaintiff responds that "[a]dding the Sixth Circuit's 5-day presumptive period for receipt of the notice makes Plaintiff's November 10, 2014 filing timely[.]"  (DE 25 at 6-8.)  To be clear, the EEO treated Plaintiff's formal complaint as dated November 8, 2014, which is the date it was post-marked.  (DE 22-7 at 16, DE 22-8 at 1.)  As Defendants point out, "[a] document shall be deemed timely if it is received or postmarked before the expiration of the applicable filing period . . . ."  29 C.F.R. § 1614.604(b).  (DE 22 at 15-16.)

The five-day presumption to which Plaintiff refers is a combination of the 3 days set forth in Fed. R. Civ. P. 6(d) and an additional two days for postal delivery of an RTS notice.  *Graham-Humphreys*, 209 F.3d at 558 n.9 ("The Sixth Circuit allots two days for postal delivery of a RTS notice beyond the three day period allowed by Federal Rule of Civil Procedure 6(e).").  "[N]otice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address,

12

by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not *receive* notification within that period." *Graham-Humphreys*, 209 F.3d at 557 (internal footnote omitted) (emphases in original).

Defendants reply that "[t]he five-day presumption does not apply." (DE 26 at 3-6.) They take the position that the presumption applies where there is "no proof of actual delivery." (DE 26 at 4.) In this case, the Court should agree that the presumption does not apply. As an initial matter, it seems logical that no presumption is needed where, as here, we have proof of actual delivery to the claimant's proper address and, therefore, constructive notice. Moreover, the Title VII case Plaintiff cites within her argument is *Graham-Humphreys* (*see* DE 25 at 6-8), wherein the Court stated that "the deposit of a postal attempt-to-deliver advisory at the claimant's last known residential address of record within the five-day mailing interval ordinarily will constitute *constructive receipt* of the RTS notice by the claimant." *Graham-Humphreys*, 209 F.3d at 560 (emphasis in original). This obviously does not bolster Plaintiff's position here. In addition, Defendant cites to three other Sixth Circuit cases in which the presumption has been applied or discussed where Plaintiff did not notify the EEOC of a change in address or Plaintiff claimed she had not received the RTS notice. *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 327 (6th Cir. 1988)

13

(concluding that appellant's complaint was untimely under 42 U.S.C. § 2000e-5(f)(1) and that equitable tolling did not apply where Plaintiff "failed to notify the EEOC of his change of address as required by the regulations."); *Cook v. Providence Hosp.*, 820 F.2d 176, 179 (6th Cir. 1987) (discussing presumption of receipt of mail where there was "overwhelming evidence that Cook received notice that her claim had been administratively denied and that she had a right to sue her employer[,]" and Plaintiff offered "only her unsubstantiated testimony that she never received the May, 1983, Notice of Right to Sue."); *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 475 (6th Cir. 1986) (applying the five-day presumption where "plaintiff failed to notify the EEOC of his change of address[,]" "[t]he EEOC sent plaintiff's right-to-sue letter to his address of record[,]" "plaintiff had moved from this address because of an argument with his roommate[,]" and "Plaintiff obtained his letter from the post office after his former roommate notified him that the postman had attempted to deliver a certified letter to him."). Accordingly, the Court should not presume that Plaintiff received the notice on the fifth day (October 26, 2014) where there is evidence she had constructive notice on the first day (October 22, 2014).

### c.    Equitable tolling

"[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a

statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). However, "[t]ypically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys*, 209 F.3d at 560–561. The Sixth Circuit has "identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness is remaining ignorant of the particular legal requirement.

*Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). "The propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Truitt*, 148 F.3d at 648.

However, neither Plaintiff nor Defendants address the issue of equitable tolling, nor is it clear to the Court that the application of this doctrine is appropriate here. *See*, *e.g.*, *Sager v. McHugh*, 942 F. Supp. 2d 1137, 1144 (W.D. Wash. 2013) (equitable tolling not applicable where Plaintiff was "deemed to have constructive notice of the notice sent to his attorney's office."); *Stanciel v. Potter*, No. CIV. 11-11512, 2012 WL 4513612, at *5 (E.D. Mich. Oct. 1, 2012) (Duggan, J.) (failure to file formal complaint with USPS within 15 days of receiving notice did not justify

dismissal where "Plaintiff demonstrate[d] that his mental disability interfered with his ability to comply with the requirements to exhaust his administrative remedies.") (internal footnote omitted).  Therefore, it will not be addressed further, beyond noting that Plaintiff here was given written notice of the applicable timeline for filing a formal complaint (DE 22-4), and an attachment to her own response brief shows that she was warned on October 28, 2014 by her former counsel that she should "handle this immediately" if she intended to file a formal complaint.  (DE 25-3.)  Equitable tolling would hardly apply here, even if raised.

### E.    Conclusion

Plaintiff received constructive notice of right to file letter on October 22, 2014.  Therefore, she was required to file her formal EEO complaint by November 6, 2014.  The five-day presumption does not change that conclusion, and neither Plaintiff nor Defendants have addressed the issue of equitable tolling, which would not likely apply in any case.  The parties agreeing that Brennan is the proper defendant, but Plaintiff's November 8, 2014 formal EEO complaint having been untimely filed, the Court should dismiss Plaintiff's August 5, 2015 complaint in this Court for its failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

### III.   PROCEDURE ON OBJECTIONS

16

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

17

Dated: April 24, 2017              s/Anthony P. Patti
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on April 24, 2017, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Anthony P. Patti

18