UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENORA L. GREENE,

                    Plaintiff,

v.                                                        Case Number 15-12747
                                                          Honorable David M. Lawson
MEGAN J. BRENNAN, JEANETTE POWELL,          Magistrate Judge Anthony P. Patti
and UNITED STATES POSTAL SERVICE
GREAT LAKES AREA AGENCY,

                    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING CASE

Plaintiff Genora Greene filed a complaint alleging that the defendants violated her rights

under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*,  by harassing

her, retaliating against her, and discriminating against her on the basis of race and gender during the

month that she was employed by the United States Post Office in the summer of 2014.  Greene

initially represented herself, although an attorney has filed an appearance on her behalf.  The Court

referred this case to Magistrate Judge Anthony P. Patti for pretrial management.  Thereafter, the

defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  The parties

have agreed to the dismissal of defendants Powell and the United States Postal Service Great Lakes

Area Agency.  Judge Patti filed a report on April 24, 2017 recommending that the motion be granted

and the case dismissed because Greene did not file her Equal Employment Opportunity complaint

with the EEO office on time, and a five-day presumptive period for receipt of the right-to-sue notice

did not extend that filing date.  Greene filed a timely objection to the magistrate judge's report, to

which defendant Brennan responded, and the matter is now before the Court.

I.

Greene was hired on June 29, 2014 as a probationary mail processing clerk at the United States Post Office's Metroplex facility in Pontiac, Michigan. She says that she was subject to racial and gender discrimination at the hands of defendant Jeannette Powell between then and July 24, 2014, when she contacted the USPS's EEO office. A counselor conducted mediation sessions in late August and September 2014, but Greene and Powell were unable to resolve their disputes.

Meanwhile, defendant Powell signed and mailed a separation notice to plaintiff Greene on August 6, 2014. The notice cited unsatisfactory work performance. The USPS then interviewed the plaintiff on August 6, and she received a termination letter on August 7, 2014.

On October 21, 2014, the EEO office dated and sent a letter to Greene notifying her of her right to file a formal EEO complaint. The letter was sent by certified mail to Greene at her home address and to an attorney, Bob Fetter, on that date. The plaintiff's son, Clayvion Wynn, signed for the certified letter to her on October 22, 2014. Someone named Jamil Jordan signed for the letter to attorney Fetter, but Fetter apparently does not recognize that name. Nor does it appear that Fetter represented the plaintiff at the time. He acknowledged receiving the letter, however, on October 24, 2014.

Plaintiff Greene acknowledged actually receiving the right-to-sue letter on October 26 or 27, 2014; she says her son did not tell her about it until then. In email exchanges, attorney Fetter warned the plaintiff that if she intended to "go formal," she should "handle this immediately." The plaintiff prepared a formal EEO complaint and mailed it on November 8, 2014; it was received by the National EEO Investigative Services Office on November 10, 2014.

The Agency dismissed Greene's formal EEO complaint on November 18, 2014 because it was not filed within 15 days after she received her right-to-sue letter.  The EEOC affirmed the dismissal on May 22, 2015.  The plaintiff then filed the present case on August 15, 2015, representing herself.  She alleged that she was terminated before the end of her probationary period, and that Powell created a "very hostile work environment" that included favorable treatment for a male coworker and forced Greene to work alone.  Greene named as defendants U.S. Postmaster Megan Brennan, Jeanette Powell, and the U.S. Postal Service Great Lakes Area Agency.  An attorney appeared on her behalf on October 27, 2016, after the defendants filed their motion to dismiss.

As noted above, Magistrate Judge Patti filed a report on April 24, 2017 recommending that defendants Powell and U.S. Postal Service Great Lakes Area Agency be dismissed from the case, as the parties agreed that they are not proper defendants.  He also recommend that the complaint against Postmaster Brennan be dismissed because the plaintiff did not file her formal EEO complaint on time, and therefore failed to exhaust her administrative remedies.  The plaintiff filed timely objections to the latter recommendation, and defendant Brennan filed a response to the objections.

## II.

The filing of timely objections to a report and recommendation requires the Court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review requires the Court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in

order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The defendants brought their motion under Federal Rule of Civil Procedure 12(b)(6), which is intended to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the factual allegations in the complaint are taken as true. *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). The complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). To survive the motion, the plaintiffs "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief. *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009)." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010).

It is well settled that "[a] person seeking to bring a discrimination claim under Title VII in federal court must first exhaust her administrative remedies." *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976)).  The exhaustion requirement as an administrative condition precedent, which, although not jurisdictional, is a necessary component of the plaintiff's claim and which may be addressed in a motion under Rule 12(b)(6).  *Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003) (citing *Truitt v. County of Wayne,* 148 F.3d 644, 646–47 (6th Cir. 1998)).

When deciding if the plaintiff has satisfied the Rule 12(b)(6) pleading standard, the Court looks to the pleadings, *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008), the documents attached to them, *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)), documents referenced in the pleadings that are "integral to the claims," *id.* at 335-36, and documents that are not mentioned specifically but which govern the plaintiff's rights and are necessarily incorporated by reference, *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Solerne, N.A.*, 534 U.S. 596 (2002).  The EEOC file generally is included among the documents that are considered "central to [a plaintiff's] discrimination claim." *Amini v. Oberlin Coll.*, 259 F.3d 493, 503 (6th Cir. 2001).  However, beyond that, assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings.  *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

It is well established that persons alleging work-related discrimination in violation of Title VII must first seek relief through the Equal Employment Opportunity Commission.  42 U.S.C. § 2000e-5.  And federal employees face additional requirements.  *See* 42 U.S.C. § 2000e-16; *see also*

*Perry v. Merit Sys. Prot. Bd.*, --- U.S. ---, 137 S. Ct. 1975, 1989 (2017) (Gorsuch, J., dissenting) ("Usually, of course, [federal] employees who wish to pursue discrimination claims in federal district court must first exhaust those claims in proceedings before their employing agency.") (citing 42 U.S.C. § 2000e–16(c)).  "In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations.'" *Steiner v. Henderson*, 354 F.3d 432, 434-45 (6th Cir. 2003) (citation omitted).  Exhaustion of administrative remedies is a precondition to filing a Title VII lawsuit.  *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (citations omitted).  An employee who does not first exhaust his administrative remedies is precluded from bringing a Title VII action in federal court.  *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005).

The administrative regulations prescribe the procedures that a federal employee must follow to exhaust her administrative remedies, which include seeking conciliation before filing a formal administrative complaint with the EEO office.  First, the employee must initiate contact with an EEO counselor within 45 days of the allegedly discriminatory action to attempt to resolve the matter informally.  *Lockett*, 259 F. App'x at 786 (citing 29 C.F.R. § 1614.105(a)(1)).  Within 30 days after the employee first made contact with the EEO office, the EEO counselor must conduct a final interview with the complainant.  29 C.F.R. § 1614.105(d).  If the matter has not been resolved, the counselor must inform the employee in writing of her right to file a formal discrimination complaint within 15 days of receipt of this written notice.  *Ibid.*  Thereafter, the employee "must . . . file[]" a formal EEO complaint "within 15 days of receipt of the notice required by § 1614.105 (d) . . . ."  29 C.F.R. § 1614.106(b).  As the magistrate judge noted, failure to abide by these time limits precludes

-6-

a finding that a claimant has exhausted administrative remedies in a way that would permit her to proceed in the district court under Title VII.  *See Vazquez-Rivera v. Figueroa*, 759 F.3d 44, 49 (1st Cir. 2014).

The magistrate judge found that the plaintiff received "constructive notice" of her right-to-sue when her son signed for the registered letter on October 22, 2014.  That started the 15-day clock and required her to file her formal EEO complaint by November 6, 2014.  Because Greene did not file her EEO complaint until November 8, 2014, Judge Patti suggested that the filing was untimely (and therefore properly dismissed by the Agency), and the plaintiff failed to comply with the administrative exhaustion requirement.  Judge Patti acknowledged that in some cases, claims of retaliation are exempt from the exhaustion requirement.  But he concluded that a retaliation claim was not well pleaded, and it did not trigger the exception in this case.

A.

In her first objection, Greene argues that the magistrate judge should have concluded that Greene's filing of the formal EEO complaint was subject to an exception to the 15-day time limitation because she alleged retaliation in her complaint in this Court.  Greene argues that the magistrate judge erred both in concluding that the retaliation claim was not well pleaded and in determining that all of the reported retaliation was experienced prior to filing the retaliation claim.

"Retaliation claims are generally excepted from this [administrative] filing requirement because they usually arise after the filing of the EEOC charge."  *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998).  But under *Abeita*, the general exception rule does not apply to allegations of events that occurred prior to the formal EEO complaint.  *Id.* at 254.  In that case, the Sixth Circuit determined that the district court correctly dismissed the plaintiff's retaliation claim

-7-

because all of the alleged retaliation occurred prior to the plaintiff filing an EEO complaint. Greene's retaliation claim, although not stated clearly, appears to have been based on events that occurred before she initiated the conciliation process and then filed her formal EEO complaint. Under *Abeita*'s reasoning, Greene cannot benefit from the exception to the 15-day limitation.

Brennan argues that the retaliation claim should not even be considered because it was not raised until Greene filed her objections to the magistrate judge's recommendation. Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived. *Ward v. United States*, 208 F.3d 216, *1 (6th Cir. 2000) (table decision) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)); *see, e.g.*, *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) (holding that "an unsuccessful party is not entitled as of right to de novo review . . . of an argument never seasonably raised before the magistrate").

However, Greene alluded to the retaliation claim in the original complaint. She wrote, "Discrimination and Retaliation also Harassment." Compl. ¶ 2. Additionally, in an attachment to the complaint, she referred to "discrimination on the bases of race . . . sex . . . and reprisal." The defendants contend that these oblique references hardly amount to "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Originally a *pro se* plaintiff, although now represented by an attorney, Greene argues that she "should not be punished for [her] failure to recognize subtle factual or legal deficiencies in [her] claims." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). At the time of the complaint, Greene was a *pro se* plaintiff, so her complaint is to be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). *See also Ang v. Procter & Gamble*

-8-

*Co.*, 932 F.2d 540, 546 (6th Cir. 1991) ("Courts require [a] broad reading of the charge because most Title VII claimants are unschooled in the technicalities of the law and proceed without counsel.").

Giving Greene the benefit of a liberal reading of her complaint, one could conclude that she included the retaliation claim in her original complaint. Nonetheless, she has not overcome the argument that the incidents of retaliation that she complains about (and which she mentioned in her July 24, 2014 claim of discrimination) occurred before the informal conciliation process commenced. Therefore, she cannot escape *Abeita*'s reasoning, and she cannot avail herself of the exception to the 15-day filing deadline under 29 C.F.R. § 1614.106(b).

The plaintiff's first objection will be overruled.

### B.

In her second objection, Greene argues that her filing deadline should be measured from the date she received actual notice, or that she should benefit from a presumption that she did not receive her right-to-sue letter until five days after it was mailed. The defendants respond that the constructive notice rule applies regardless of whether a court knows when the plaintiff received actual notice, and that the five-day presumption applies only when the date of delivery (not in-hand receipt) is unknown.

As noted above, the magistrate judge determined that the plaintiff received constructive notice of her right-to-sue letter when Greene's son signed for it on October 22, 2014, thus beginning the 15-day window that expired November 6, 2014. Greene contends that, because there is evidence that she did not receive notice until October 26, 2014 or October 27, 2014, constructive notice principles should not apply. Greene did not cite any authority that supports her position, and Sixth Circuit law is to the contrary. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.* 209,

F.3d 552 (6th Cir. 2000).  In *Graham-Humphreys*, the court adopted the approach of sister circuits

and held that "a Title VII claimant has constructive notice of his or her right to litigate on the day

that the post office has delivered the [right-to-sue] letter to his or her *correct* address, even though

the claimant had not actually received that writing until a later date."  *Id.* at 559 n.11; *see also*

*Million v. Frank*, 47 F.3d 385, 387–88 (10th Cir.1995) and *Scholar v. Pacific Bell*, 963 F.2d 264,

267–68 (9th Cir.1992).   Under that rationale, Greene's son signing for the mail established

constructive notice and started the 15-day clock.  *See King v. Henderson*, No. 99–1800, 2000 WL

1478360, *5 (6th Cir. Sept. 27, 2000) (holding that "King had received at least constructive or

imputed notice, if not actual notice, that her fifteen-day filing clock had begun ticking, by virtue of

the actual delivery of notice to her home").  In both of those cases, the court applied constructive

notice principles despite the existence of evidence of the date of actual notice.

Greene's argument that a five-day presumption applies is based on Federal Rule of Civil

Procedure 6(d), which states that "[w]hen a party may or must act within a specified time after being

served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other

means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)."

However, that rule applies only when "computing any time period specified in these rules, in any

local rule or court order, or in any statute that does not specify a method of computing time."  Fed.

R. Civ. P. 6(a).  Greene has cited no authority suggesting that this rule applies when computing time

under the federal regulations.   Moreover, there is no applicable provision under C.F.R. §

1614.106(b) that provides a mailbox rule similar to that found in Rule 6(d), which would have

extended Greene's mailing deadline by three days and, as a result, made her November 8 filing

timely.

It is true that the Sixth Circuit allots two days for postal delivery of a right-to-sue notice beyond the three day period allowed by Rule 6(e). *Graham-Humphreys*, 209 F.3d at 558 n.9 (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 & n. 1 (1984)). But that presumption will not overcome the delivery date established by the constructive notice rule. *Id.* at 558 (noting that "even if the plaintiff did not physically attain *actual* 'receipt' of her [right-to-sue] notice until March 28, 1996, she had *constructively* 'received' her RTS notification on March 8, 1996, the day that the letter carrier deposited the first of two official notifications at the plaintiff's last known official address"). Under that rationale, the plaintiff received constructive notice of her right to sue on October 22, 2014. She was required to file her formal EEO complaint 15 days later, a deadline that she did not meet.

C.

The magistrate judge also discussed the concept of equitable tolling. It is quite clear that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Curiously, however, the plaintiff did not raise an equitable tolling argument in her response to the defendants' motion to dismiss. Nor did she rely on that concept in her objections to the report and recommendation. The Court, therefore, declines to consider whether the plaintiff's tardy EEO filing can be salvaged by equitable tolling. *See Adams v. Philip Morris, Inc.*, 67 F.3d 580, 583 (6th Cir. 1995) ("We ordinarily consider issues not fully developed and argued to be waived."); *see also Block v. Meharry Med. Coll.*, No. 15-00204, 2017 WL 1364717, at *3 (M.D. Tenn. Apr. 14, 2017) ("Dr. Block did not sufficiently raise the issues of equitable tolling or equitable estoppel in his

-11-

Complaint or in his Response in Opposition to Meharry's Motion for Summary Judgment. . . . [The response] did not mention 'equitable,' 'tolling,' or 'estoppel,' and any arguments about his being misled by Meharry do not put a reasonable party on notice that Dr. Block is making an equitable tolling and/or estoppel argument.").

III.

The magistrate judge applied the correct law to an accurate determination of the facts.  The plaintiff's objections to the report and recommendation lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #28] is **ADOPTED**, and the plaintiff's objections [dkt. #29] are **OVERRULED**.

It is further **ORDERED** that the defendants' motion to dismiss [dkt. #22] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  July 18, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 18, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI